THOMAS E. MOSS
UNITED STATES ATTORNEY
AARON N. LUCOFF
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 PARK BOULEVARD, SUITE 600
BOISE, ID 83712-9903
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. CR 05-265-S-EJL |
| vs. | ) RULE 11 PLEA AGREEMENT |
| JONATHAN CLEVE PETZOLDT, | ) |
| Defendant. | ) |

## TABLE OF CONTENTS

I.     GUILTY PLEA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        A.    Summary of Terms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        B.    Acceptance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    WAIVER OF CONSTITUTIONAL RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.   NATURE OF THE CHARGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        A.    Elements of the Crime . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        B.    Factual Basis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.   SENTENCING FACTORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        A.    Maximum Penalties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        B.    Supervised Release . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        C.    Fines and Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        D.    Special Assessment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V.    UNITED STATES SENTENCING GUIDELINES . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        A.    Application of Sentencing Guidelines . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        B.    Sentencing Guidelines Recommendations and Requests . . . . . . . . . . . . . . . . . . . 5
            1.    Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
            2.    Downward Departure or Variance Request by Defendant . . . . . . . . . . . 6

VI.   WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS . . . . . . . . . . . . . . . . . . . . . . 6

VII.  PROVIDING INFORMATION FOR THE PRESENTENCE REPORT . . . . . . . . . . . 7

VIII. NO RIGHT TO WITHDRAW PLEA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IX.   CONSEQUENCES OF VIOLATING AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . 7
        A.    Government's Options . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        B.    Defendant's Waiver of Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

| | | | |
|---|---|---|---|
| X. | MISCELLANEOUS | | 8 |
| | A. | No Other Terms | 8 |
| | B. | Plea Agreement Acceptance Deadline | 9 |
| XII. | UNITED STATES' APPROVAL | | 9 |
| XIII. | ACCEPTANCE BY DEFENDANT AND COUNSEL | | 9 |

I. **GUILTY PLEA**

A. **Summary of Terms.** Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the defendant, the attorney for the defendant, and the Government[1] agree that the defendant will plead guilty to Counts One, Two, and Three of the Indictment. The defendant acknowledges that the plea is voluntary and did not result from force, threats, or promises, other than any promise made in this Plea Agreement. More specifically, the parties agree as follows:

Count One, Two, and Three charge the defendant with Willfully Making a Threat by Telephone, in violation of Title 18, United States Code, Section 844(e).

B. **Acceptance**. Upon acceptance of the defendant's guilty pleas, and the defendant's full compliance with the other terms of this Agreement, the Government, under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, agrees to recommend a sentence within the applicable sentencing guideline range and agrees that it will dismiss, under Rule 11(c)(1)(A), Counts Four and Five of the Indictment. Defendant acknowledges, agrees and waives objection to the fact that the Court may consider "relevant conduct" in arriving at an appropriate sentence pursuant to Section 1B1.3 of the Sentencing Guidelines.

II. **WAIVER OF CONSTITUTIONAL RIGHTS**

Defendant understands that he will be placed under oath at the plea hearing and that the Government, in a prosecution for perjury or false statement, has the right to use against the defendant any statement that the defendant gives under oath. Moreover, the defendant understands and waives (gives up) the following rights: 1) the right to plead not guilty to the offense(s) charged against the defendant and to persist in that plea; 2) the right to a trial by jury; and 3) the rights, at trial, to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify, to present evidence and to compel the attendance of witnesses. The defendant understands that by pleading guilty he waives (gives up) all of the

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

rights set forth above. The defendant fully understands that by entering a plea of guilty, if that plea is accepted by the District Court, there will be no trial and defendant will have waived (given up) these trial rights.

### III. NATURE OF THE CHARGES

A. **Elements of the Crime.** The elements of the crime of Willfully Making a Threat by Telephone, as charged in Counts One and Three, are as follows:

1. The defendant made, or caused to be made, a threat to unlawfully damage or destroy a building by means of fire or an explosive as charged;

2. The defendant used, or caused to be used, an instrument of commerce, such as a telephone to communicate the threat; and

3. The defendant acted knowingly and willfully.

The elements of the crime of Willfully Making a Threat by Telephone, as charged in Count Two, are as follows:

1. The defendant made, or caused to be made, a threat to kill, injure, or intimidate any individual as charged;

2. The defendant used, or caused to be used, an instrument of commerce, such as a telephone to communicate the threat; and

3. The defendant acted knowingly and willfully.

B. **Factual Basis.** If this matter were to proceed to trial, the Government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

At the time of the offenses, the defendant was on felony probation with the Idaho Department of Corrections, Division of Community Corrections, District Three Probation and Parole located at 612 Main Street in Caldwell, Idaho, and was being supervised by female, Hispanic Probation and Parole Officer Bertha Garza. The defendant had been supervised by Garza since October 16, 2002, and had met with her and spoken with her over the phone several times.

On October 1, 2003, the defendant telephoned Canyon County dispatch from a pay phone in the City of Caldwell, Idaho. The defendant told the dispatcher that answered the call that he "just planted a bomb at the probation office, at the fucking courthouse and at the fucking police station and I'm going to fucking blow them mother fuckers up." Police officers responded to the probation and parole office in Caldwell, but did not locate any bombs or devices.

On November 5, 2003, the defendant telephoned Canyon County dispatch from a pay phone in the City of Caldwell, Idaho. During the call, using a disguised voice, the defendant stated that his "cousin Jose" had "just left the house" with a gun and was going to shoot a female probation officer. That same day, the defendant made a second telephone call to Canyon County dispatch from a pay phone in the City of Caldwell, Idaho. During the call, using the same disguised voice as the first call, the defendant referenced the first call, said that his cousin Jose planted a bomb "to blow the lady up," and made reference to the probation office. The probation and parole office was evacuated and searched. No bomb or device was located.

On December 3, 2003, the defendant telephoned Canyon County dispatch from a pay phone in the City of Caldwell, Idaho. During the call, the defendant stated that he and his "boys just threw five fucking bombs" at the probation office. He also stated that "all you guys are going to burn in hell mother fuckers." That same day, the defendant again telephoned Canyon County dispatch from a telephone and stated he was at the Acapulco Restaurant in the City of Caldwell, Idaho, and stated that there was a fire on the roof of the probation office, which is directly across the street from the Acapulco Restaurant. The probation and parole office was evacuated and searched. No bomb or device was located. The roof of the building was also searched and no fires were found.

Due to the nature and timing of these calls, probation officer Bertha Garza searched her caseload to determine if one of her probationers was making the calls. On February 19, 2004, Garza listened to taped copies of the threatening calls. She identified the voice on the tape as

*PLEA AGREEMENT* - 3 -  Rev.2006 (Gen)

being that of Jonathan Petzoldt, one of the probationers on her caseload. That same day, Garza and other probation officers detained the defendant and transported him to their office for an interview. The defendant was *Mirandized* and agreed to speak with officers off tape. The defendant admitted making the telephone call on December 3, 2003.

Caldwell City Police Detective Bill Crawford then arrived to interview the defendant. Detective Crawford also advised the defendant of his *Miranda* rights. During the interview, the defendant admitted making all the telephone calls to probation and parole so that he would not have to take urine tests for drugs.

## IV. SENTENCING FACTORS

**A.** **Maximum Penalties.** A violation of Willfully Making a Threat by Telephone, as charged in Counts One, Two, and Three , is punishable by a term of imprisonment of 10 years, a term of supervised release of not more than 3 years, a maximum fine of $250,000, and a special assessment of $100.

**B.** **Supervised Release.** The Court may also order that, following release from prison, defendant be placed on supervised release for not more than three (3) years, except that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in Title 18 United States Code, Section 3561(d).

The defendant's term of supervised release will be a specific (i.e., a determinate) term chosen by the Court at sentencing. The combination of prison time and supervised release is permitted, by law, to exceed the maximum term of incarceration allowed under the statute(s) that defendant is pleading guilty to violating. Violation of any condition of supervised release may result in defendant being imprisoned for the entire term of supervised release or being prosecuted for contempt of court under Title 18, United States Code, Section 401(3).

**C.** **Fines and Costs**. Unless the Court determines that the defendant will not reasonably be able to pay a fine, or that paying a fine will unduly burden any of the defendant's

dependents, a fine shall be imposed. There is no agreement as to the amount of the fine. The Court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

**D.     Special Assessment.** Defendant agrees to pay the special assessment(s) before sentence is imposed, and defendant will furnish a receipt at sentencing. Payment is to be made to the United States District Court, Clerk's Office, Federal Building and United States Courthouse, 550 W. Fort Street, Fourth Floor, Boise, ID 83724.

## V.     UNITED STATES SENTENCING GUIDELINES

**A.     Application of Sentencing Guidelines.** Defendant understands that the Court must consider the Federal Sentencing Guidelines and take them into account in determining an appropriate sentence under Title 18, United States Code, Section 3553. Moreover, defendant understands that: 1) the sentence has not yet been determined by the District Judge; 2) any estimate of the likely sentence received from any source is a prediction and not a promise; and 3) the District Judge has the final authority to decide what the sentence will be.

The defendant also understands that the Court will determine the applicable sentencing factors at sentencing and that the Court's determination will affect the sentence range under the Sentencing Guidelines. While the Court may take the defendant's cooperation and the recommendations of the parties into account in determining the sentence to be imposed, the Court has complete discretion to impose a sentence other than the sentence recommended, including the maximum sentence possible for the crimes to which defendant has pled.

**B.     Sentencing Guidelines Recommendations and Requests.**

**1.     Acceptance of Responsibility.** Unless the Government learns of new information to the contrary, defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under Section 3E1.1(a) of the Sentencing Guidelines, if the defendant clearly accepts responsibility for the offense. The Government will move for an additional one-level reduction in the combined offense level under Section 3E1.1(b) if the following conditions are met: the defendant qualifies for a decrease under Section 3E1.1(a); the

offense is level 16 or greater; and the defendant has assisted authorities in the investigation or prosecution of defendant's own misconduct by timely notifying authorities of defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in Section 3E1.1 of the Sentencing Guidelines, or acts in a manner inconsistent with acceptance of responsibility, the Government will not make such a recommendation and/or motion or, if one has already been made, it will withdraw the recommendation and/or motion.

2.  **Downward Departure or Variance Request by Defendant.** The defendant will not seek a downward departure or variance under Title 18, United States Code, Section 3553(a), without first notifying the Government of defendant's intent to seek a downward departure and defendant's reasons and basis therefor, such notice to be provided not less than twenty-one (21) days before the date set for sentencing.

## VI. WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS

The defendant is aware that Title 18, United States Code, Section 3742, affords defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the other terms of this Agreement, the defendant knowingly and voluntarily waives (gives up) all appeal rights defendant may have regarding both defendant's conviction and sentence, including any restitution or forfeiture order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute, or unless the sentence is unreasonable based solely on an incorrect application of the Sentencing Guidelines to which the defendant filed a proper and timely objection.

The defendant is also aware that under certain circumstances a defendant has the right to collaterally challenge defendant's sentence through a habeas petition such as a motion pursuant to Title 28, United States Code, Section 2255. Acknowledging this, in exchange for the other terms of this Agreement, the defendant knowingly and voluntarily waives (gives up) defendant's right to contest defendant's pleas, conviction, or sentence in any post-conviction

proceeding, including any proceeding authorized by Title 28, United States Code, Section 2255, except as to an appeal claiming ineffective assistance of counsel based upon facts discovered after the entry of defendant's guilty pleas.

The defendant further understands that nothing in this Plea Agreement shall affect the Government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).

## VII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide all material financial and other information as may be requested by a representative of the United States Probation Office for use in preparing a Presentence Report. Failure to execute releases and/or provide such material information as may be required is a violation of the terms of this Agreement, and will relieve the Government of its obligations as set forth in this Agreement, and may subject the defendant to an enhancement under Guidelines Section 3C1.1, or provide grounds for an upward departure under Section 5K2.0 of the Sentencing Guidelines, but at the option of the Government, may not constitute grounds for withdrawing the plea of guilty.

## VIII. NO RIGHT TO WITHDRAW PLEA

The defendant understands that the Court is not bound to follow any recommendations or requests made by the parties at the time of sentencing. If the Court decides not to follow any of the parties' recommendations or requests, the defendant cannot withdraw from this Plea Agreement or the guilty plea.

## IX. CONSEQUENCES OF VIOLATING AGREEMENT

**A.     Government's Options.** If defendant fails to keep any promise in this Agreement or commits a new crime, the Government is relieved of any obligation not to prosecute defendant on other charges, including any charges dismissed as part of this Plea Agreement. Such charges may be brought without prior notice. In addition, if the Government determines after sentence is imposed under this Agreement that defendant's breach of the Agreement warrants further prosecution, the Government will have the choice between letting

*PLEA AGREEMENT*                              - 7 -                                Rev.2006 (Gen)

the conviction(s) under this Plea Agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted. If the Government makes its determination before sentencing, it may withdraw from the Plea Agreement in its entirety.

**B.** **Defendant's Waiver of Rights.** Defendant agrees that if defendant fails to keep any promise made in this Agreement, defendant gives up: 1) the right not to be placed twice in jeopardy for the offense(s) to which defendant entered a plea of guilty or which were dismissed under this Agreement; 2) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner for any charge that is brought as a result of defendant's failure to keep this Agreement; and 3) the right to be charged within the applicable statute of limitations period for any charge that is brought as a result of defendant's failure to keep this Agreement, and on which the statute of limitations expired after defendant entered into this Agreement.

Furthermore, the defendant understands and agrees that if defendant does not enter a valid and acceptable plea, the Government will move to continue the trial now set. The defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under Title 18, United States Code, Sections 3161(h)(1)(I), (h)(3)(A), or (h)(8)(A). This continuance will be necessary to allow the Government adequate time to prepare for trial.

## X. MISCELLANEOUS

**A.** **No Other Terms**. This Agreement incorporates the complete understanding between the parties, and no other promises have been made by the Government to the defendant or to the attorney for the defendant. This Agreement does not prevent any governmental agency from pursuing civil or administrative actions against defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does not bind or obligate governmental entities other than the United States Attorney's Office for the District of Idaho. If requested to do so by the defendant or defendant's counsel, the

Government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities.

**B.     Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on acceptance of this plea Agreement no later than 5:00 p.m. on June 2, 2006. It is defendant's sole and complete responsibility to notify the U.S. Attorney's Office of the acceptance of this Agreement by the date specified above in order for this offer to be effectively accepted.

## XII.    UNITED STATES' APPROVAL

I have reviewed this matter and the Plea Agreement. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

THOMAS E. MOSS
UNITED STATES ATTORNEY
By:

_____          5/22/2006
AARON N. LUCOFF                                              Date
Assistant United States Attorney

## XIII.   ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand the Agreement and its effect upon the potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, no person has, directly or indirectly, threatened or coerced me to do, or refrain from doing, anything in connection with any aspect of this case, including entering a plea of guilty. I am satisfied with my attorney's advice and representation in this case.

_____          5/24/06
JONATHAN CLEVE PETZOLDT                        Date
Defendant

I have read this Plea Agreement and have discussed the contents of the Agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth above.

_____  
TOM MONAGHAN  
Attorney for the Defendant

Date: 5/24/06